IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

MARIA CECILLIA ESCOBAR MARTINEZ  
8757 Georgia Avenue, Suite 400  
Silver Spring, Maryland 20910  

    PLAINTIFF,

v.       Case No: 1:17cv293 (CMH/TCB)

GOGREENJJ, INC.  
7813 Sudley Road  
Manassas, Virginia 20109  

SERVE: Jin Hee Jung  
14631 Lee Highway, Suite 215  
Centreville, Virginia 20121  

And

JIN HEE JUNG  
14631 Lee Highway, Suite 215  
Centreville, Virginia 20121  

    DEFENDANTS

## COMPLAINT

Plaintiff Maria Cecillia Escobar Martinez ("Plaintiff"), by and through undersigned counsel, hereby submits her Complaint against Defendants GOGREENJJ, INC. d/b/a 299 Cleaners ("299 Cleaners") and Jin Hee Jung ("Jung") (together, "Defendants") to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the Commonwealth of Virginia.

2. By acting as named plaintiff in this action, Plaintiff does hereby affirm her consent to participate as a plaintiff in an action under the FLSA and to recover all damages sought in this action.

3. 299 Cleaners is a corporation formed under the laws of the Commonwealth of Virginia.

4. Jung is an adult resident of the Commonwealth of Virginia.

5. At all times relevant, Jung has been a primary owner and officer of 299 Cleaners. In this capacity, Jung was Plaintiff's most senior supervisor, oversaw the day-to-day operations of 299 Cleaners, was the individual that set Plaintiff's schedule, was the individual that set Plaintiff's rate and method of pay, and was the individual that maintained all employment records relating to Plaintiff.

6. At all times relevant to this action, Defendants had gross annual revenues exceeding $500,000.00.

7. At all times relevant to this action, Defendants used cleaning products that originated from outside the Commonwealth of Virginia.

8. At all times relevant to this action, Plaintiff and at least two other employees handled cleaning products, goods, and materials in performing their job duties that originated from outside the Commonwealth of Virginia.

9. At all times, both Defendants were Plaintiff's employers under the FLSA.

10. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).

11. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

12. Plaintiff was employed by Defendants to perform dry cleaning duties at Defendants' 299 Cleaners location at 7813 Sudley Road Manassas, Virginia 20109 from about July 2014 through about August 2016.[1]

13. During the relevant time period, 299 Cleaners paid Ms. Martinez at the salary rate of about $350.00 per week;

14. During the relevant time period, Plaintiff regularly and customarily worked at or about seven (7) days per week;

15. During the relevant time period, Plaintiff's exact hours worked varied slightly from week to week. On average, Plaintiff worked at or about seventy (70) or more hours per week.

16. During the relevant time period, the rate at which Defendants paid Plaintiff was at or about $5.00 per hour ($350.00 per week / 70 hours per week = $5.00 per hour), an hourly rate less than the Federal Minimum Wage ($7.25 per hour).

17. During the relevant time period, Defendants failed to pay Plaintiff at the overtime rate of the higher of one-and-one-half (1½) times Plaintiff's regular rate of or one-and-one-half (1½) times the Federal Minimum Wage ($7.25 * 1.5 = $10.88) for all overtime hours worked each week in excess of forty (40) as required by the FLSA.

18. During the relevant time period, Defendants had actual knowledge of all hours Plaintiff worked including overtime hours worked more than forty (40) per week.

---

[1] This litigation only concerns the period of about July 2014 through February 2016 (about 86 weeks hereafter "the relevant time period") after which 299 Cleaners drastically cut Plaintiff's hours and began paying overtime wages.

3

19. At no time did Plaintiff perform work duties that would make her exempt from the Federal minimum wage or overtime pay requirement.

20. At no time did Defendants consider Plaintiff exempt from the Federal minimum wage or overtime pay requirement.

21. At all times during the relevant period, during Ms. Martinez's employ, Defendants had actual notice (through a poster that was purchased by 299 Cleaners and displayed prominently at the store) that Federal Law requires minimum wage and overtime at the legal rate to all non-exempt employees including Plaintiff.

22. At all times during the relevant period, Defendants had actual knowledge that the rate and method by which Defendants paid Plaintiff was in direct violation of Federal law.

23. At no time during the relevant period did Defendants keep or maintain accurate time records for Plaintiff.

24. Defendants now owe Plaintiff unpaid FLSA required minimum wage and overtime compensation in the amount of about Twenty-Three Thousand Dollars ($23,000.00).

## CAUSES OF ACTION
### (Violation of Federal Fair Labor Standards Act)

25. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

26. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at an hourly rate for all hours worked each week in compliance with the FLSA Minimum Wage and Overtime pay requirements.

27. As set forth above, Defendants have failed to pay Plaintiff at an hourly rate that complies with the FLSA Minimum Wage requirement for all non-overtime hours worked each week.

28. As set forth above, Defendants have failed to pay Plaintiff at an hourly rate that complies with the FLSA overtime pay requirement for all overtime hours Plaintiff worked in excess of forty (40) each week.

29. At all times relevant to this action, Defendants had actual knowledge of the FLSA minimum wage and overtime payment requirements, had actual knowledge of all hours Plaintiff worked each week, and had actual knowledge that the rate and method by which Defendants paid Plaintiff for all the hours she worked was in direct violation of the FLSA.

30. Defendants' failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid required FLSA wages in the amount of $23,000.00 or such other amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, VA Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:    240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*